# Third District Court of Appeal

## State of Florida

Opinion filed February 28, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1593
Lower Tribunal No. M21-6863
_____

**Eleazar Neri Aviles,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Eleane Sosa-Bruzon, Judge.

Carlos J. Martinez, Public Defender, and Susan S. Lerner, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Kayla Heather NcNab, Assistant Attorney General, for appellee.

Before EMAS, LINDSEY, and MILLER, JJ.

LINDSEY, J.

Appellant Eleazar Neri Aviles (Defendant below) appeals a final judgment of conviction and sentence. Aviles was charged with one count of violating a domestic violence injunction pursuant to section 741.31(4)(a), Florida Statutes (2023). The issue before us is whether the trial court abused its discretion when it allowed the State to introduce evidence related to a broken car window. Finding that it did not, we affirm.

Aviles was previously in a relationship with Martha Francisco. The relationship did not end amicably. As a result, Francisco applied for a domestic violence injunction, which the trial court entered in early March 2021.

Later that month, on the evening of March 12, 2021, Francisco arrived home to find Aviles in the community parking lot of her residence. According to her testimony at trial, Francisco was unsure if Aviles had received notice of the injunction, so she called the police. Two Homestead police officers responded and served Aviles with the injunction. The officers learned that the car Aviles was driving was registered under Francisco's name, so they took the car keys away from Aviles and gave them to Francisco. Aviles remained in the apartment parking lot for a while and then walked to a nearby gas station.

An hour or two later, Aviles returned to the parking lot at Francisco's residence. According to Francisco's testimony, Aviles was intoxicated and

2

upset because the police had taken the car keys. Aviles then broke the car window. Francisco again called the police, and they returned to her apartment. Aviles told the police that he was waiting for his mother to come pick him up and that he had been hanging out with friends and drinking. Aviles was arrested. A jury found Aviles guilty of violating the injunction, and he was sentenced to twelve months of probation.

The standard of review for determining whether the trial court erred in admitting evidence is abuse of discretion. Jeanbart v. State, 299 So. 3d 3, 7 (Fla. 4th DCA 2020). "Discretion is abused only when the judicial action is arbitrary, fanciful, or unreasonable, which is another way of saying that discretion is abused only where no reasonable person would take the view adopted by the trial court." White v. State, 817 So. 2d 799, 806 (Fla. 2002). Moreover, "[a]ll relevant evidence is admissible, except as provided by law." § 90.402, Fla. Stat. (2023). Relevant evidence is defined as "evidence tending to prove or disprove a material fact." § 90.401, Fla. Stat. (2023).

Here, Aviles claims that the evidence of the broken car window was "evidence of an uncharged crime" and therefore, irrelevant, and prejudicial to Aviles's case. We disagree.

"Evidence of bad acts not included in the charged offenses is generally referred to as 'collateral crimes evidence.'" Dorsett v. State, 944 So. 2d 1207, 1212 (Fla. 3d DCA 2006). Collateral crimes evidence may be

3

admissible if it is inextricably intertwined with the charged offense and therefore relevant to prove that offense.  Id. at 1213.

As we explained in Dorsett,

> Evidence is inextricably intertwined if the evidence is necessary to (1) adequately describe the deed; (2) provide an intelligent account of the crime(s) charged; (3) establish the entire context out of which the charged crime(s) arose; or (4) adequately describe the events leading up to the charged crime(s).

Id. (citations and internal quotation marks omitted) (emphasis removed).

In this case, the evidence of the broken car window helped establish the entire context out of which the charged crime, violation of a domestic violence injunction, occurred and further helped to describe the events leading up to the violation.  Accordingly, we affirm.

Affirmed.